14-2739
*Schoeps, et al. v. Freistaat Bayern*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand and fifteen.

PRESENT:  RICHARD C. WESLEY,
          DEBRA ANN LIVINGSTON,
          DENNY CHIN,
                    *Circuit Judges*.

———————————————————————————————

JULIUS H. SCHOEPS, BRITT-MARIE ENHOERNING,
FLORENCE VON KESSELSTATT,

                    *Plaintiffs-Appellants*,

EDELGARD VON LAVERGNE-PEGUILHEN,

                    *Plaintiff*,

        -v.-                                        No. 14-2739

FREISTAAT BAYERN or FREE STATE OF
BAVARIA, A STATE OF THE FEDERAL
REPUBLIC OF GERMANY,

*Defendant-Appellee.*

---

FOR APPELLANTS:     THOMAS J. HAMILTON (John J. Byrne, Jr., *on the brief*), Byrne Goldenberg & Hamilton, PLLC, Washington, D.C.

FOR APPELLEE:       ANDREAS A. FRISCHKNECHT (James M. Hosking, Andrew L. Poplinger, *on the brief*), Chaffetz Lindsey LLP, New York, NY.

---

Appeal from the United States District Court for the Southern District of New York (Rakoff, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the District Court be and

hereby is **AFFIRMED**.

Plaintiffs-Appellants Julius H. Schoeps, Britt-Marie Enhoerning, and

Florence von Kesselstatt ("Plaintiffs") appeal from a judgment of the United

States District Court for the Southern District of New York, dismissing their

claims against Defendant-Appellee Freistaat Bayern, or Free State of Bavaria,

("Bavaria") for lack of subject matter jurisdiction under the Foreign Sovereign

2

Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1602–11.[1] We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Plaintiffs filed suit against Bavaria to recover a painting by Pablo Picasso entitled *Madame Soler*. The FSIA "provides the sole basis for obtaining jurisdiction over a foreign state" in United States courts. *Argentine Rep. v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989).[2] The FSIA's commercial activity exceptions confer jurisdiction over a foreign state where a plaintiff's action is "based upon" (1) "a commercial activity carried on in the United States by the foreign state"; (2) "an act performed in the United States in connection with a commercial activity of the foreign state elsewhere"; or (3) "an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States." 28 U.S.C. § 1605(a)(2). Plaintiffs appeal the District Court's holdings that their action satisfies neither the first nor third commercial activity exception.

---

[1] In deciding subject matter jurisdiction pursuant to the FSIA, this Court reviews the District Court's factual findings for clear error and its legal conclusions *de novo*. *Mortimer Off Shore Servs., Ltd. v. Fed. Rep. of Ger.*, 615 F.3d 97, 105 (2d Cir. 2010).

[2] For purposes of the FSIA, a "foreign state" includes "a political subdivision of a foreign state," such as Bavaria, a constituent state of the Federal Republic of Germany. *See* 28 U.S.C. § 1603(a); *Garb v. Rep. of Pol.*, 440 F.3d 579, 596 (2d Cir. 2006).

In reviewing the District Court's factual findings for clear error, "we accord great deference to the district court's resolution of evidentiary conflicts, its choices among competing inferences to be drawn from the evidence, and its decision as to what weight to assign particular evidence." *Freedom Holdings, Inc. v. Cuomo*, 624 F.3d 38, 54 (2d Cir. 2010). After a three-day evidentiary hearing, multiple rounds of briefing, and oral arguments, the District Court found that for purposes of the FSIA "all the pertinent events" involving Bavaria's acquisition of *Madame Soler*, including the painting's purchase and shipment, occurred outside the United States. S. App. 9.

Plaintiffs challenge these findings and assert that key elements of Bavaria's acquisition of the painting — including payment, shipment, and agreement upon payment terms and price — all occurred in or flowed through New York. But based on the record, we find no clear error in the District Court's factual findings that the painting's acquisition and payment occurred in Europe and that a single preliminary meeting in New York — between Justin K. Thannhauser, the art dealer in possession of *Madame Soler*, and Halldor Soehner, a Bavarian museum official who "lacked even apparent authority" to make a binding offer, — did not

4

result in "any kind of agreement" for the purchase of *Madame Soler*, except perhaps a commitment "to talk further." S. App. 5, 8–9.

Based on these findings, the District Court concluded that Plaintiffs' action fails to trigger the FSIA's first commercial activity exception because "the gravamen of [Plaintiffs'] action is that title to *Madame Soler* never rightfully passed to Thannhauser in Germany," S. App. 7, and because "an individual preliminary meeting," such as Soehner and Thannhauser's meeting in New York, "cannot and does not by itself constitute commercial activity 'having substantial conduct [sic] with the United States,'" S. App. 9–10.

We have a different view of the gravamen of Plaintiffs' action than that which was adopted by the District Court. But we need not decide this question, and neither did the District Court, for we agree with the District Court that Bavaria did not engage in relevant commercial activity having "substantial contact" with the United States. *See Kensington Int'l. Ltd. v. Itoua*, 505 F.3d 147, 156 (2d Cir. 2007); *Shapiro v. Rep. of Bolivia*, 930 F.2d 1013, 1019 (2d Cir. 1991). We also agree that Plaintiffs' action is not based upon an act outside the United States in connection with a commercial activity of Bavaria that caused a "direct effect" in the United States. *See Guirlando v. T.C. Ziraat Bankasi A.S.*, 602 F.3d 69,

5

74 (2d Cir. 2010); *Transatlantic Shiffahrtskontor GmbH v. Shanghai Foreign Trade Corp.*, 204 F.3d 384, 388 (2d Cir. 2000).  The District Court thus correctly dismissed the lawsuit for lack of subject matter jurisdiction.

We have considered all of Plaintiffs' remaining arguments and find them to be without merit.  Accordingly, for the reasons set forth above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk